UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KHALED ABDELKHALEQ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:06-CV-427 PS |
| vs. ) | |
| ) | |
| BCIS DISTRICT DIRECTOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Khaled Abdelkhaleq, a Kuwaiti national, is an applicant for naturalization who, apparently, is frustrated with the amount of time that his application has been pending and, therefore, brought his Petition for Writ of Mandamus against the BCIS District Director, the BCIS Director, the USCIS Director, and the DHS Secretary (hereinafter, collectively, "USCIS") [Doc. 1].[1] In his application, the Plaintiff asks this Court to assume jurisdiction over his application, compel the defendant to perform its duty to act upon his application, and immediately grant him an oath ceremony date.

Together with his application for mandamus, the Plaintiff filed an Application to Proceed Without Prepayment of Fees [Doc. 2]. Because we find that the Plaintiff's Petition for Mandamus does not state a claim upon which relief may be granted, his Application to Proceed Without Prepayment of Fees is **DENIED** and his Petition for Writ of Mandamus is **DISMISSED**.

### BACKGROUND

---

[1] The Court recognizes the acronym "USCIS" to refer to the United States Citizenship and Immigration Service and the acronym "DHS" to refer to the Department of Homeland Security. The Court is unfamiliar with, and the Plaintiff does not define, the acronym "BCIS."

In his application for a writ of mandamus, the Plaintiff alleges that he is eligible for naturalization and that he filed the N-(400) Application for Naturalization with the Chicago District Office, located in Chicago, Illinois within the allotted time period. (Cmp. at ¶¶ 7-8). A review of the Plaintiff's exhibits demonstrates that USCIS received his application on November 5, 2004. (*See* Plank Letter of March 1, 2006). Since the time of his application, the Plaintiff has been diligently following up with the Immigration and Naturalization Service regarding the application and alleges that although USCIS had sufficient information to determine his eligibility requirements for naturalization, USCIS nevertheless failed to adjudicate the Plaintiff's naturalization application in a timely fashion. (*Id*. at ¶ 10).

The Plaintiff also sought to determine the status of his application for naturalization through Congressman Chris Chocola's office, but received a response that demonstrated that the USCIS had not issued any decision on the application. (*Id*. at 10). Specifically Congressman Chocola contacted USCIS on the Plaintiff's behalf and received the following response:

> the FBI "name check" . . . has not yet been completed. We may not proceed with the adjudication of the application or petition until the FBI completes their process and our records are updated with the results.

(*See* Plank Letter of August 2, 2005). Subsequent monthly inquiries by Congressman Chocola's staff on the Plaintiff's behalf revealed that as of June 12, 2006, the FBI name check still had not cleared. (*See* Plank Letter of June 15, 2006).

The Plaintiff also alleges that he inquired about the status of his application through the internet using "info pass" and in person at the Chicago office and still did not receive a response to the application. (Cmp. at ¶11). Finally, the Plaintiff alleges that he has exhausted all

administrative remedies available and has determined that no adequate remedies exist. (*Id*. at ¶ 12).

We note, however, that USCIS responses received by Congressman Chocola (and passed through to the Plaintiff) state that the FBI may consider a request for expedition of a background check provided that the request is made in writing with an explanation for consideration accompanied by supporting evidence. There are limited circumstances in which the FBI will consider such an expedited process, but one of those reasons includes "for compelling circumstances." (*See* Plank Letter of June 15, 2006). There is no allegation in the Plaintiff's complaint that he made a written request for expedited background check and/or that the FBI denied any such request.

## DISCUSSION

In addition to the relief requested in his mandamus petition, the Plaintiff requests leave to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 which provides for waiver of these fees under certain circumstances. However 28 U.S.C. § 1915 also provides that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> * * *
>
> (B) the action or appeal--
>
> * * *
>
> (ii) fails to state a claim on which relief may be granted . . .

28 U.S.C. § 1915(e)(2)(B)(ii).  In this case, we must deny the Plaintiff's Application to Proceed Without Prepayment of Fees and dismiss his Petition for Writ of Mandamus because it fails to state a claim on which relief may be granted because, at this time, the USCIS does not owe the Plaintiff a duty to act on his application.

District courts have original jurisdiction in the nature of mandamus over any action which seeks "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, the Supreme Court consistently cautions that "[a] judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies sought to be furthered by that judgment of Congress." *Fuks v. Divine,* No. 05 C 5666, 2006 WL 1005094, at *2 (N.D.Ill., Apr. 14, 2006) *quoting Kerr v. United States Dist. Ct. N. Dist. Cal.*, 426 U.S. 394, 403, (1976).  Consequently, courts only grant mandamus relief where the plaintiff demonstrates "(1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Fuks v. Divine,* No. 05 C 5666, 2006 WL 1005094, at *2 (N.D.Ill., Apr. 14, 2006) *quoting Iddir v. INS*, 301 F.3d 492, 499 (7th Cir.2002).

The Plaintiff seeks mandamus relief for USCIS's delay in acting on his Naturalization Application. He asks the court to assume jurisdiction over his application, compel the defendant to perform its duty to act upon his application, and immediately grant him an oath ceremony date.  However, because USCIS's hands are currently tied by the bureaucratic process, the defendant does not owe the Plaintiff any duty to act at this time.

8 U.S.C. § 1446 governs USCIS's investigation of individuals who have applied for naturalization. This statute sets out a process that the agency follows to gather information about

the applicant. The process varies from individual to individual and may contain such steps as issuing subpoenas to compel the attendance and testimony of witnesses and the production of relevant papers, books and documents and the taking of testimony concerning any matter touching or affecting the admissibility of any applicant for naturalization. *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443 (E.D. Va. 2005). However, in all cases since 1998, an FBI background check is required as part of the examination process and the USCIS cannot schedule its personal interviews with an applicant until after the background check is complete. 8 C.F.R. § 335.2 ("Service will notify applicants for naturalization to appear . . . for initial examination on the naturalization application only after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed.").

In this case, the Plaintiff's own submissions establish that he has been notified, as many as seven times and as recently as June 15, 2006, that the USCIS verified that the FBI background investigation had not yet been completed. Thus, the USCIS is barred by law from proceeding on the Plaintiff's application by scheduling the Plaintiff's interview and USCIS, therefore, did not owe the Plaintiff a duty to move forward on the application. *See Davilo*, 370 F. Supp. 2d at 445 (finding that mandamus relief was not available to the plaintiff because "CIS did not owe plaintiff a duty to act on his application for naturalization prior to completion and receipt of the required FBI criminal background check.").

We recognize that the Plaintiff is frustrated with length of time that USCIS is taking to respond to his application. At the same time, however, we note that it does not appear that he

has requested an expedited review from the FBI.[2] We further note that the amount of time that the FBI has taken to complete the Plaintiff's background check has not yet begun to approach what we would consider an unreasonable amount of time. In so concluding, we take guidance from Judge Ellis in the Eastern District of Virginia who addressed an FBI-related delay in *Danilov*, the only other opinion on this issue that this Court could locate. In that case, the plaintiff filed his petition for naturalization in February 2003, but his FBI background was not completed until March 23, 2005 – over two years from the date of his application. *Danilov*, 370 F. Supp. at 442. In that case, the Court found that not only was the 2-year FBI delay acceptable, but that the USCIS had an additional 120 days after the receipt of the FBI background check to render a decision. *Id*. at 444; *see also*, 8 U.S.C. § 1447(b) (allowing USCIS 120 days after the completion of its investigation to render a decision before the District Courts have jurisdiction over "delayed" naturalization decisions).

In this case, the Plaintiff has experienced a delay of one year and eight months. We cannot say this is an unreasonable amount of time. Further, responses from Congressman Chocola's office indicate that it is difficult to predict with accuracy when the clearance will be updated in their records, but that the case is checked weekly for results. From these responses, it is clear that the defendants are moving towards completing the process in which Abdelkhaleq seeks the court's intervention.

**CONCLUSION**

---

[2]We do not suggest that expedited review is required (or even appropriate) in this case. However, to the extent that the Plaintiff complains about the length of time that the FBI has taken to complete his application, it would behoove him to explore every available avenue to speed his request.

Because we find that USCIS does not owe Plaintiff Khaled Abdelkahleq a duty to move forward on the Plaintiff's application for naturalization until such time as the FBI has completed the background check, his Petition for Writ of Mandamus does not state a claim for relief. Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

ENTERED:  July 21, 2006.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
